IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

DIONNE HALL                                                                    PLAINTIFF
1443 Nightingale Road, Apt. 3
Louisville, Kentucky 40213

                               Case No. __3:21-cv-70-BJB__

v.

                               Judge __Benjamin Beaton__

NAVIENT SOLUTIONS, LLC                                                         DEFENDANTS
13865 Sunrise Valley Drive
Herndon, VA 20171

      SERVE:    Corporation Service Company
                     421 W. Main Street
                     Frankfort, KY 40601
                     (BY CERTIFIED MAIL)

AND

NELNET DIVERSIFIED SOLUTIONS, INC.
121 S. 13th Street
Lincoln, Nebraska 68508

      SERVE:    CT Corporation System
                     306 W. Main Street
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    CSC-Lawyers Incorporating Service Co.
                          421 W. Main Street
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Dionne Hall, by counsel, and for her Verified Complaint against the Defendants, Navient Solutions, LLC ("Navient"), Nelnet Diversified Solutions, Inc. ("Nelnet"), and Equifax Information Services, LLC ("Equifax") states as follows:

## I. PRELIMINARY STATEMENT

1.    This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; Nelnet's false reporting to Equifax of default history and alleged current late status on Plaintiff's transferred student loans; and Navient's and Truist's impermissible reporting to Equifax of default history of Plaintiff's transferred student loans; and Defendants' failure to correct the above-referenced false reporting on Plaintiff's credit report.

## II. PARTIES

2.    Plaintiff, Dionne Hall, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1443 Nightingale Road, Apt. 3, Louisville, Kentucky

2

40213.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Navient, is a Virginia corporation and a student loan lender doing business in the Commonwealth of Kentucky, with its principal place of business at 13865 Sunrise Valley Drive, Herndon, VA 20171.

5. Navient is a "furnisher of information" as that term is defined by the FCRA 15 U.S.C. §1681a(b).

6. Defendant, Nelnet, is a Nebraska corporation and a student loan lender doing business in the Commonwealth of Kentucky with its principal place of business at 121 S. 13th Street, Suite 100, Lincoln, Nebraska 68508.

7. Nelnet is a "furnisher of information" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

8. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

9. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

11. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing

business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

12. In or around September 2020, Plaintiff, who was in the process of obtaining home mortgage financing, accessed her Equifax credit report and discovered that Navient was reporting default history on several of Plaintiff's transferred Navient student loan accounts. Prior to September 2020, and upon information and belief, the United States Department of Education assigned or otherwise transferred the student loan accounts to Navient.

13. Immediately upon discovering Navient's false and derogatory tradeline, which showed Plaintiff's student loan accounts with a default history, Plaintiff filed a written dispute with Equifax regarding the inaccuracy of the tradelines given the prohibition of derogatory payment history reporting of transferred loans, as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R. §682.4053b)(2).

14. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Navient of the disputes at or within five (5) days of Equifax receiving notice of the disputes from Plaintiff.

15. Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA, in October 2020, Navient and Equifax failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit report or amend Plaintiff's credit report.

16. Navient's and Equifax's failure to investigate Plaintiff's dispute, and their failure to maintain the accuracy of Plaintiff's credit history, has damaged Plaintiff, in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to properly investigate Plaintiff's disputes.

17. In or around September 2020, Plaintiff, who was in the process of obtaining home mortgage financing, accessed her Equifax credit report and discovered that Truist was reporting a default history on two of Plaintiff's transferred student loan accounts.

18. Prior to September 2020, and upon information and belief, the United States Department of Education assigned or otherwise transferred the student loan account to Truist.

19. Immediately upon discovering Truist's false and derogatory tradelines, which showed Plaintiff's student loan accounts with a default history, Plaintiff filed a written dispute with Equifax regarding the inaccuracy of the tradelines given the prohibition of derogatory payment history reporting of transferred loans as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R. §682.4053b)(2).

20. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Truist of the disputes at or within five (5) days of Equifax receiving notice of the disputes from Plaintiff.

21. Despite Plaintiff's lawful request for removal or amendment of the disputed items, pursuant to the FCRA, in October 2020, Equifax and Truist failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit report or amend Plaintiff's credit report.

22. Equifax's and Truist's failure to investigate Plaintiff's dispute, and its failure to maintain the accuracy of Plaintiff's credit history, has damaged Plaintiff, in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to properly investigate Plaintiff's disputes.

23. In or around September 2020, Plaintiff, who was in the process of obtaining home mortgage financing, accessed her Equifax credit report and discovered that Nelnet was reporting

a default history on several of Plaintiff's transferred student loan accounts.

24. Prior to September 2020, and upon information and belief, the United States Department of Education assigned or otherwise transferred the student loan accounts to Nelnet.

25. Immediately upon discovering Nelnet's false and derogatory tradelines, which showed Plaintiff's student loan accounts with a default history and current late status, Plaintiff filed written disputes with Equifax and Experian regarding the inaccuracy of the tradelines given the prohibition of derogatory payment history reporting of transferred loans, as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R. §682.4053b)(2).

26. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Nelnet of the disputes at or within five (5) days of Equifax receiving notice of the disputes from Plaintiff.

27. Despite Plaintiff's lawful request for removal or amendment of the disputed items, pursuant to the FCRA, in October 2020, Equifax and Nelnet failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit report or amend Plaintiff's credit report.

28. Equifax's and Nelnet's failure to investigate Plaintiff's disputes and its failure to maintain the accuracy of Plaintiff's credit history, has damaged Plaintiff, in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to properly investigate Plaintiff's disputes. In addition, all of the Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## VI. CLAIMS

**Negligent Violation of the Fair Credit Reporting Act – Navient**

29. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

30. Navient's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax are violations of Navient's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

31. Navient's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Navient is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Nelnet

32. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

33. Nelnet's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax are violations of Nelnet's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

34. Nelnet's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Nelnet is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

35. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines, despite knowledge of the falsity of the disputed items, are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

37. Equifax's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

38. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Navient**

39. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

40. Navient's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, despite Navient's knowledge of the falsity of its reporting, are willful violations of Navient's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

41. Given Navient's knowledge of the falsity of its reporting, Navient's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Navient is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Nelnet**

42. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

43. Nelnet's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, despite Nelnet's knowledge of the falsity of its reporting, are willful

violations of Nelnet's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

44. Given Nelnet's knowledge of the falsity of its reporting, Nelnet's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Nelnet is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

45. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines, despite Equifax's knowledge of the falsity of the disputed items, are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

47. Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

48. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Dionne Hall, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/Emily H. Funk
Emily H. Funk
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
EmilyFunk.hlolaw@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Dionne Hall, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Dionne Hall

COMMONWEALTH OF KENTUCKY  )
                          ) SS
COUNTY OF JEFFERSON       )

Subscribed, sworn to and acknowledged before me by Dionne Hall this 1st day of February, 2021.

_____
Notary Public

Commission expires: March 28, 2022